## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.:

DANIA MARTINEZ,

    Plaintiff,

-vs-

FIRST FEDERAL CREDIT CONTROL, INC.
and ORTHO FLORIDA, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

COMES NOW, Plaintiff, Dania Martinez (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this action against Defendants, First Federal Credit Control, Inc. (hereinafter "First Federal") and Ortho Florida, LLC (hereinafter "Ortho Florida") (collectively "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72 *et seq.* (hereinafter the "FCCPA") in order to remedy illegal debt collection activities.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Defendants' voluntary contact with Plaintiff in connection with the attempted collection of illegitimate consumer debts made it foreseeable that they would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

3. Venue is proper because this is where the cause of action accrued, Defendants transact and/or conduct business in this venue, Defendants illegally attempted to collect consumer debts within this venue, and Plaintiff resides here. *See* 28 U.S.C. § 1391.

## PARTIES

4. At all times relevant hereto, Plaintiff is and was a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. At all times relevant hereto, First Federal is and was an Ohio for profit corporation whose principal place of business is 24700 Chagrin Blvd., Ste. 205, Cleveland, OH 44122 and whose registered agent for service of process in Florida is Corporate Creations Network, Inc., 801 U.S. Highway 1, North Palm Beach, FL 33408.

6. At all times relevant hereto, First Federal is and was a "debt collector" as provided for under the FDCPA and the FCCPA.

7. At all times relevant hereto, Ortho Florida is and was a Florida limited liability company whose principal place of business is 660 Glades Road, Ste. 460, Boca Raton, FL 33431 and whose registered agent for service of process in Florida is Corporation Company of Miami, 525 Okeechobee Blvd., Ste. 1100 (JAF), West Palm Beach, FL 33401.

8. At all times relevant hereto, Ortho Florida is and was a "person" as provided for under the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976); *see also Schauer v. GMAC,* 819 So. 2d 809 (Fla. 4th DCA 2002); *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2nd DCA 2014).

## APPLICABLE LAW

**I.     The Fair Debt Collection Practices Act**

9. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." *See* 15 U.S.C. § 1692.

10. The FDCPA defines the term "consumer" as "any natural person obligated or *allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

11. The FDCPA defines the term "debt" as "any obligation or *alleged obligation* of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

12. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

13. The FDCPA provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt …" 15 U.S.C. 1692e(2)(A).

14. The FDCPA is essentially a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *See Rivera v.*

*Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *See Id.*

## II. The Florida Consumer Collection Practices Act

15. The Florida Legislature, in enacting the FCCPA, has further defined and protected an individual's right of privacy in the State of Florida. *Collection Bureau of Orlando v. Continental Casualty Co.,* 342 So. 2d 1019, 1020 (Fla. 4th DCA 1977); *See also* Terri Jayne Salt, Note, *Fair Debt Collection Practices: Analysis of Florida and Federal Law,* 30 U. Fla. L. Rev. 892, 905 (1978).

16. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

17. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

18. The FCCPA defines the term "consumer" as "any natural person obligated or <u>allegedly obligated</u> to pay any debt." Fla. Stat. § 559.55(8) (emphasis added).

19. The FCCPA defines "debt" as "any obligation or <u>alleged obligation</u> of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6) (emphasis added).

20. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all unlawful attempts at collecting consumer debts by creditors and debt collectors alike. *See Williams v. Streeps Music*

4

*Co.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976); *see also Schauer v. GMAC,* 819 So. 2d 809 (Fla. 4th DCA 2002); *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2nd DCA 2014) ("[w]hile the Act does not define the term 'person,' it is not restricted to debt collectors.").

21. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." *See* Fla. Stat. § 559.72(9).

22. "A plaintiff is not required to prove actual damages, but only a violation of one of the prohibited practices in the Florida Consumer Collections Practices Act." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007).

### III.  Florida Workers' Compensation Laws

23. The Florida legislature enacted its workers' compensation law "to assure the quick and efficient delivery of disability and medical benefits to an injured worker . . . at a reasonable cost to the employer." *See* Fla. Stat. § 440.015.

24. In order to achieve this objective, the statute "makes the employer and insurance carrier legally responsible for paying medical bills, while the employee is insulated from liability." *Sun Bank/S. Florida, N.A. v. Baker*, 632 So. 2d 669, 671 (Fla. Dist. Ct. App. 1994).

25. Thus, "[a] health care provider may not collect or receive a fee from an injured employee within this state." Fla. Stat. § 440.13(13); *see also* Fla. Stat. § 440.13(3)(g) ("The employee is not liable for payment for medical treatment or services provided pursuant to this section."); *Staff of Fla. S. Comm. on Commerce*, PCS/SB 821, Staff Analysis 2 (April 24, 1987) ("[T]he injured employee is not responsible for paying for authorized medical treatment and services.").

26. In accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical and/or psychological treatment. *See id.*

27. Accordingly, debt collection efforts directed toward individuals with work-related injuries in Florida to the contrary are forbidden by law.

## FACTUAL ALLEGATIONS

28. On or about October 27, 2017, Plaintiff was injured in a work-related accident, which required her to receive medical treatment and services.

29. Plaintiff informed all of her medical providers that her treatment was due to a work-related injury, and all of Plaintiff's medical visits were scheduled by the workers' compensation insurance carrier. Therefore, all medical providers had actual knowledge that they were restricted from billing Plaintiff.

30. Ortho Florida provided a portion of said necessary medical treatment and services to Plaintiff with regard to her work-related accident.

31. A formal claim was filed by Plaintiff with the Office of the Judges of Compensation Claims on or about December 21, 2017 and was assigned Case No: 17-030156SMS.

32. Plaintiff's workers' compensation claim was ultimately settled, with agreement by the parties that all medical bills would be covered as work-related injuries.

33. At a time better known to Ortho Florida, a third-party debt collector, First Federal, was hired in order to attempt to collect a debt from Plaintiff. Ortho Florida and First Federal worked jointly and in concert in order to collect this illegal debt from Plaintiff.

34. There is no doubt that Ortho Florida was well aware that their treatment was for a work-related injury, because they were billing and receiving payment from the workers compensation insurance carrier. As far back as June 11, 2018, Ortho Florida was paid $2,869.06 for a surgical procedure that was authorized and scheduled by the workers' compensation insurance carrier.

35. At all times relevant hereto, Ortho Florida and First Federal attempted to collect a debt from Plaintiff for medical treatment and services in connection with work-related injuries.

36. For example, on or about January 18, 2021, First Federal sent Plaintiff a debt collection letter (hereinafter the "First Federal Letter") stating therein that Plaintiff owed an alleged balance of $420.00. (*See* **Exhibit 'A'**).

37. The First Federal Letter goes on to state:

YOUR ACCOUNT HAS BEEN REFERRED TO THIS COLLECTION AGENCY FOR COLLECTION. ALL UNPAID ACCOUNTS COULD BE REPORTED TO A NATIONAL CREDIT BUREAU AFTER THE EXPIRATION OF THE 30- DAY VALIDATION PERIOD OR AFTER WE HAVE COMPLIED WITH YOUR TIMELY VALIDATION REQUEST.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

38. Upon receiving the First Federal Letter, Plaintiff was understandably shocked and distressed to learn that First Federal was attempting to collect a substantial amount of money in relation to her work-related injury, which she believed were fully covered by the workers' compensation carrier.

39. Upon receiving the First Federal Latter, Plaintiff took time out of her day to address the debt collection communications she received.

40. As another example, on or about March 8, 2021, Ortho Florida sent Plaintiff a debt collection letter (hereinafter the "Ortho Letter") stating therein that Plaintiff owed an alleged balance of $420.00. (*See* **Exhibit 'B'**).

41. The Ortho Letter goes on to state: "Balance is overdue. Contact us or be referred to a collection agency."

42. Upon receiving the Ortho Letter, Plaintiff was understandably shocked and distressed to learn that Ortho Florida was attempting to collect a substantial amount of money in relation to her work-related injury, which she believed were fully covered.

43. Upon receiving the Ortho Letter, Plaintiff took time out of her day to address the debt collection communications she received.

44. At all times relevant hereto, the alleged balance due arose from medical services and treatment related to Plaintiff's documented work-related injuries, which were to be covered by the employer's workers' compensation carrier.

45. At all times relevant hereto, Defendants could have determined with relative ease that the alleged balance for medical services resulted from Plaintiff's covered workplace injuries, as this information is readily ascertainable by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

46. As a direct result of Defendants' actions, Plaintiff experienced damages, including without limitation, the deprivation of rights provided to workers under Florida law, violation of her right to avoid debt collection communications concerning a debt not owed, the material risk that Plaintiff may pay a debt not owed, time wasted addressing Defendants' illegal collection activity, frustration, annoyance, anxiety, and distress.

**COUNT I**
**(Violations of the FDCPA by First Federal)**

47. At all times relevant hereto, Plaintiff is and was a "consumer" pursuant to the FDCPA, as she was a natural person allegedly responsible for a debt.

48. At all times relevant hereto, First Federal is and was a "debt collector" pursuant to the FDCPA because it uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

49. At all times relevant hereto, the alleged balance that is the subject of the instant action was a "debt" pursuant to the FDCPA. *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

50. At all times relevant hereto, the debt collection communications sent to Plaintiff by First Federal were "communications" pursuant to the FDCPA.

51. At all times relevant hereto, the alleged balance sought in the debt collection letters sent by First Federal resulted from Plaintiff's fully covered work-place injury.

52. At all times relevant hereto, First Federal was aware and on notice that it could not demand monies from individuals concerning covered work-related injuries.

53. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt.

54. First Federal violated 15 U.S.C. § 1692e when it sent Plaintiff debt collection letters concerning an alleged balance governed by Fla. Stat. § 440.13(3)(g), which forbids billing injured workers for covered workers' compensation claims.

55. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely

representing of the character, amount, or legal status of any debt.

56. First Federal violated 15 U.S.C. § 1692e(2)(A) when it sent Plaintiff debt collection letters concerning an alleged balance governed by Fla. Stat. § 440.13(3)(g), which forbids billing injured workers for covered workers' compensation claims.

57. Upon receiving the debt collection communications from First Federal, Plaintiff was understandably shocked and distressed to learn that First Federal was attempting to collect a substantial amount of money in relation to her work-related injury and, which she did not think she owed.

58. Upon receiving the aforementioned communications, Plaintiff took time out of her day to address the debt collection letters she received from First Federal.

59. A violation of state law, as is this circumstance here, may be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

60. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

61. As a direct result of First Federal's aforementioned actions, Plaintiff experienced damages, including without limitation, the deprivation of rights provided to workers under Florida law, the material risk that Plaintiff may pay a debt not owed, violation of her right to avoid debt collection communications concerning a debt not owed, deprivation of her right to privacy, time wasted addressing First Federal's illegal collection activity,

frustration, annoyance, anxiety, and distress.

## COUNT II
### (Violations of the FCCPA by First Federal)

62. At all times relevant hereto, Plaintiff is and was a "consumer" pursuant to the FCCPA because she is a natural person allegedly responsible for a debt.

63. At all times relevant hereto, First Federal is and was a "debt collector" pursuant to the FCCPA because it uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

64. At all times relevant hereto, the alleged balance is and was a "debt" pursuant to the FCCPA. *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

65. At all times relevant hereto, the debt collection letters sent to Plaintiff by First Federal were "communications" pursuant to the FCCPA.

66. At all times relevant hereto, the alleged balance sought in the debt collection letters resulted from Plaintiff's covered work-place injury.

67. At all times relevant hereto, First Federal was aware and on notice that it cannot demand monies from individuals concerning covered work-related injuries.

68. Florida Statute § 559.72(9) prohibits any person from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

69. First Federal violated Fla. Stat. § 559.72(9) when it sent Plaintiff debt collection letters concerning an alleged balance governed by Fla. Stat. § 440.13(3)(g), which forbids

billing injured workers for covered workers' compensation claims.

70. As a direct result of First Federal's aforementioned actions, Plaintiff suffered substantial damages, including without limitation, the deprivation of rights provided to workers under Florida law, the material risk that Plaintiff may pay a debt not owed, violation of her right to be free from debt collection communications concerning a debt not owed, deprivation of her right to privacy, time wasted addressing First Federal's illegal collection activity, frustration, annoyance, anxiety, and distress.

## COUNT III
**(Violations of the FCCPA by Ortho Florida)**

71. At all times relevant hereto, Plaintiff is and was a "consumer" pursuant to the FCCPA because she is a natural person allegedly responsible for a debt.

72. At all times relevant hereto, Ortho Florida is and was a "person" pursuant to the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. 4th DCA 1976); *see also Schauer v. GMAC,* 819 So. 2d 809 (Fla. 4th DCA 2002); *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2nd DCA 2014).

73. At all times relevant hereto, the alleged balance is and was a "debt" pursuant to the FCCPA. *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

74. At all times relevant hereto, the debt collection letters sent to Plaintiff by Ortho Florida were "communications" pursuant to the FCCPA.

75. At all times relevant hereto, the alleged balance sought in the debt collection letters resulted from Plaintiff's fully covered work-place injury.

76. At all times relevant hereto, Ortho Florida was aware and on notice that it cannot demand monies from individuals concerning covered work-related injuries.

77. Florida Statute § 559.72(9) prohibits any person from claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

78. Ortho Florida violated Fla. Stat. § 559.72(9) when it sent Plaintiff debt collection letters concerning an alleged balance governed by Fla. Stat. § 440.13(3)(g), which forbids billing injured workers for covered workers' compensation claims.

79. As a direct result of Ortho Florida's aforementioned actions, Plaintiff suffered substantial damages, including without limitation, the deprivation of rights provided to workers under Florida law, the material risk that Plaintiff may pay a debt not owed, violation of her right to be free from debt collection communications concerning a debt not owed, deprivation of her right to privacy, time wasted addressing First Federal's illegal collection activity, frustration, annoyance, anxiety, and distress.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants for all of the following:

    a. Statutory damages pursuant to the FDCPA for each of First Federal's violations;

    b. Statutory damages pursuant to the FCCPA for each of First Federal's violations;

    c. Statutory damages pursuant to the FCCPA for each of Ortho Florida's violations;

    d. Actual damages pursuant to the FDCPA and the FCCPA for each of Defendants' violations;

e. Nominal damages for First Federal's and Ortho Florida's aforementioned FDCPA and FCCPA violations;

f. Costs and attorney's fees pursuant to the FDCPA and the FCCPA;

g. A judgment permanently enjoining Defendants from violating the FCCPA;

h. A judgment awarding any other injunctive relief necessary to ensure Defendants' compliance with the FCCPA;

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ *J. Dennis Card, Jr.*
J. Dennis Card, Jr.
Florida Bar No.: 0487473
Consumer Law Organization, PA
721 US Highway 1, Suite 201
North Palm Beach, FL 33408
Dennis@cloorg.com
Office: (561) 822-3446
Fax: (305) 574-0132


/s/ *Christopher Legg*
Christopher W. Legg, Esq.
Florida Bar No.: 44460
CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, Florida 33432
Chris@theconsumerlawyers.com
Office: 954-962-2333

*Attorneys for Plaintiff*

# Exhibit 'A'

PERSONAL & CONFIDENTIAL
24700 CHAGRIN BLVD STE 205
CLEVELAND, OH 44122-5662

 FFCC

# FIRST FEDERAL CREDIT CONTROL, INC.



Jan 18, 2021

www.ffcc.com

A DEBT COLLECTION COMPANY - NOT A CREDIT BUREAU

NOT AFFILIATED WITH THE U.S. GOVERNMENT

Monday-Friday from 8:00am - 5:00pm

866-345-0661

DANIA MARTINEZ
6093 NW 179th St Apt 306
Hialeah, FL 33015-7469

**CREDITOR: JULIO ROBLA MD**

**MASTER ACCOUNT NO.: BEO069**

**PAY THIS AMOUNT → $420.00**

YOUR ACCOUNT HAS BEEN REFERRED TO THIS COLLECTION AGENCY FOR COLLECTION. ALL UNPAID ACCOUNTS COULD BE REPORTED TO A NATIONAL CREDIT BUREAU AFTER THE EXPIRATION OF THE 30-DAY VALIDATION PERIOD OR AFTER WE HAVE COMPLIED WITH YOUR TIMELY VALIDATION REQUEST, AS STATED BELOW. RETURN THE BOTTOM OF THIS FORM WITH YOUR PAYMENT IN FULL.

**PLEASE CONTACT CAROL WILSON - 866-345-0661**

| Creditor | Amt. Owed |
|---|---|
| JULIO ROBLA MD | $420.00 |
| | $420.00 |

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**IMPORTANT NOTICE**

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FFCC/OCA/AAV01500707R707/000000680

---

RETAIN THE UPPER PORTION FOR YOUR RECORDS. DETACH AND RETURN THIS FORM WITH PAYMENT.

TO AVOID ERRORS, PLEASE MAKE ALL PAYMENTS PAYABLE TO FFCC OR TO THE CREDITOR LISTED ABOVE AND MAIL TO THIS OFFICE. INCLUDE YOUR ACCOUNT NUMBER LISTED ABOVE ON YOUR CHECK OR MONEY ORDER.

**NAME: DANIA MARTINEZ**                                   Jan 18, 2021 CW

**CREDITOR: JULIO ROBLA MD**

**MASTER ACCOUNT NO: BEO069**                    **PAY THIS AMOUNT → $420.00**

Please indicate which credit card to use for payment and complete the information below.
For all credit card payments, please verify your CID number, which is located on the back of your card. The CID number is the last 3 or 4 digits after your credit card number.

Save time by using our option to pay your account online at www.ffcc.com.



| CARD NUMBER | | CID | |
|---|---|---|---|
| SIGNATURE | | EXP DATE | |

FIRST FEDERAL CREDIT CONTROL, LLS
24700 CHAGRIN BLVD STE 205
CLEVELAND, OH 44122-5662

# Exhibit 'B'

